UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLENROY A. DEER,** | Civil Action No. 15-8356 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| **LORETTA LYNCH, et al.,** | |
| Respondents. | |

Petitioner Glenroy A. Deer, an immigration detainee at Essex County Correctional Facility, having filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging (1) an allegedly invalid order of removal and (2) his continued detention by Immigration and Customs Enforcement ("ICE"), and requesting that the Court vacate his deportation order, restore his prior status as a lawful permanent resident ("LPR"), and order his immediate release from custody. Petitioner also seeks to proceed *in forma pauperis*, and the Court grants that request. At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." It appearing that:

1. On April 10, 1992, Petitioner, a citizen of Jamaica and a LPR of the United States, was issued an Order to Show Cause and Notice of Hearing (I-221) and was charged with violating section 241(a)(2)(C) and 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"). (*See* ECF No. 2, at 73, "Decision to Continue Detention" letter dated October 23, 2015 (hereafter referred to as "Decision Letter").) Petitioner alleges in his Petition that he was initially

1

ordered removed from the United States by an Immigration Judge ("IJ") on March 18, 1993. He was subsequently removed on October 14, 1993. (ECF No. 1, Pet. at 5.) According to Petitioner, he was removed before the Board of Immigration Appeals ("BIA") affirmed the IJ's decision on December 7, 1993. (*Id.*) Petitioner apparently returned to the United States, and, on November 1, 2013, two decades after his initial removal, Petitioner was issued a Notice of Intent/Decision to Reinstate Prior Order (I-871), and was taken into custody by ICE. (*See* ECF No. 2, at 73-74, Decision Letter.) Petitioner contends that he was initially charged with illegal reentry under 8 U.S.C. § 1326, but that the indictment was dismissed on July 27, 2015. (ECF No. 1, at 5.) On August 12, 2015, Petitioner filed a Motion to Reopen with the BIA and a Petition for Review with the Third Circuit, seeking a stay of his deportation. (*Id.*) On September 5, 2015, Petitioner also filed claims for asylum and withholding of removal. (*Id.*) The Third Circuit denied his Petition for Review as untimely on September 16, 2015 and denied his request for a stay. (*Id.*; ECF No. 2 at 73-74, Decision Letter.) Petitioner contends in his Petition that his motion to reopen and asylum claims are still pending. (ECF No. 1, at 5.) On October 23, 2015, ICE issued a "Decision to Continue Detention" letter notifying Petitioner that he would not be released pending his removal to Jamaica. (ECF No. 2, at 73-74.) In the instant Petition, Petitioner contends that (1) the initial order of removal, which ICE has reinstated, is invalid and (2) that his detention of two years has become unreasonably prolonged under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011).

Having screened the Petition, this Court finds that it is without subject matter jurisdiction to hear the first category of claims brought by Petitioner, which relate to the alleged invalidity of his initial order of removal and his requests to invalidate that removal order and restore his LPR status. Section 1252(g), as amended by the REAL ID Act. Pub L. No. 10943, 119 Stat. 231

2

(2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to [(a)] commence proceedings, [(b)] adjudicate cases, or [(c)] execute removal orders.'" *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 134 (3d Cir. 2012) (quoting *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999)). Thus, if Petitioner's immigration judge issued an order of removal and such order became administratively final upon affirmance by the BIA, Petitioner's challenges to the order or decision and request for a stay of removal could be entertained only by the Court of Appeals, not this Court. *See* REAL ID Act, 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act"). As such, the Court dismisses the Petition for lack of jurisdiction insofar as it relates to the invalidity of Petitioner's initial order of removal.[1]

Petitioner also contends, however, that he has been detained by ICE for two years,[2] and that this detention has become unreasonably prolonged under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011) ("conclud[ing] that [8 U.S.C. § 1226(c)] authorizes only detention for a reasonable period of time. After that, the Due Process Clause of the Fifth Amendment to the Constitution requires that the Government establish that continued detention is necessary to further the purposes of the detention statute"). (*See* ECF No. 1, Pet. at 26.) As such, the Court will order the Government to provide a response in which it provides the statutory authority for Petitioner's continued detention and any applicable legal arguments. *See* 28 U.S.C. § 2243.

---

[1] Because Petitioner has already filed a Petition for Review with the Third Circuit, the Court declines to transfer the matter to the Court of Appeals under 28 U.S.C. § 1631.

[2] This period of detention appears to include the time during which Petitioner was held on pending criminal charges.

3

IT IS, THEREFORE, on this 13 day of         , 2016,

**ORDERED** that Petitioner's request to proceed *in forma pauperis* is GRANTED; and it is further

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal or the entire Petition prior to submission of an answer and the record is not warranted; the Court, however, will dismiss for LACK OF SUBJECT MATTER JURISDICTION, Petitioner's claims related to the invalidity of his initial order of removal; the Court will also direct the Clerk of the Court to dismiss all Respondents other than Charles Green from the case. "[I]n habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon Respondent Charles Green by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 45 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 30 days after the answer is filed; and it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

_____
Madeline Cox Arleo, District Judge
United States District Court

6